## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JEFFREY M. HAYNES** | * | |
| **9172 Clubhouse Drive** | | |
| **Delmar, MD 21875** | * | |
| | | |
| **and** | * | |
| | | |
| **MICHELE R. HAYNES** | * | **Civ. Action No.: 1:17-cv-2141** |
| **9172 Clubhouse Drive** | | |
| **Delmar, MD 21875** | * | |
| | | |
| *Plaintiffs,* | * | |
| | | |
| **v.** | * | |
| | | |
| **BLIBAUM & ASSOCIATES, P.A.** | * | |
| **40 York Road, Ste. 300** | | |
| **Towson, MD 21204** | * | |
| | | |
| **Serve on:** | * | |
| | | |
| **Gary S. Blibaum** | * | |
| **40 York Road, Ste. 300** | | |
| **Towson, MD 21204** | * | |
| | | |
| *Defendant.* | * | |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

### COMPLAINT AND DEMAND FOR JURY TRIAL

Jeffrey M. Haynes ("Mr. Haynes") and Michele R. Haynes ("Mrs. Haynes") by and through undersigned counsel and for their Complaint against Blibaum & Associates, P.A. ("Blibaum"), alleges and states as follows:

### PRELIMINARY STATEMENT

1.     This is an action for actual and statutory damages for violations of the Fair

Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") and the Maryland Consumer Debt Collection Act, Md. Code Ann., Com. Law, § 14-201, *et seq.* (hereinafter "MCDCA").

2.     The Plaintiffs allege that the collection practices of Defendant violate the FDCPA and MCDCA in its illegal efforts to collect a consumer debt. These collection practices include attempting to renew a state court judgment that could not be renewed because the judgment holder was no longer in legal existence at the time of the time that Defendant filed a renewal of judgment on its behalf.

3.     The FDCPA regulates the behavior of collection agencies attempting to collect a debt on behalf of another. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a). Congress also found that existing laws and procedures for redressing debt collection activities were inadequate to protect consumers. 15 U.S.C. § 1692(b). Congress enacted the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote uniform State action to protect consumers against debt collection abuses. 15 U.S.C. § 1692(e).

4.     The FDCPA is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. The FDCPA imposes civil

liability on any person or entity that violates its provisions and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

5.    The FDCPA is a strict liability statute that provides for actual or statutory damages, upon the showing of one violation. The Fourth Circuit and other federal courts have held that whether a debt collector's conduct violates the FDCPA should be judged from the standpoint of the "least sophisticated consumer." *United States v. Nat'l Fin. Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168 (11th Cir. 1985); *Graziano v. Harrison*, 950 F.2d 107 (3rd Cir. 1991); *Swanson v. Southern Oregon Credit Serv., Inc.*, 869 F.2d 1222 (9th Cir. 1988). The purpose of the least-sophisticated consumer standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Nat'l Fin. Services, Inc.*, 98 F.3d at 136 (quoting *Clomon v. Jackson*, 988 F.2d at 1318).

6.    The FDCPA is a remedial statute that is construed liberally in favor of the debtor. *See, e.g., Garcia-Contreras v. Brock & Scott, PLLC*, 775 F.Supp.2d 808 (M.D.N.C. 2011); *Sprinke v. SB&C, Ltd.*, 472 F. Supp. 2d 1235 (W.D. Wash. 2006); *Clark v. Capital Credit & Collection Services, Inc.*, 460 F.3d 1162 (9th Cir. 2006); *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002).

7.      The MCDCA prohibits debt collectors from utilizing threatening or underhanded methods in collecting or attempting to collect a delinquent debt. Md. Code Ann., Com. Law §§ 14–201 to 14–204.

## JURISDICTION AND VENUE

8.      Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

9.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

10.      Venue lies properly in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts that give rise to the claim occurred within this District. Additionally, Plaintiffs reside within the District of Maryland.

## PARTIES

11.      Plaintiff Jeffrey M. Haynes is an individual who is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as he is a natural person allegedly obligated to pay any debt, in this case a money judgment entered for rent of a residential premises and therefore is governed by Md. Code Ann., Cts. & Jud. Proc. § 11-107(b) which provides that the legal rate of interest on a money judgment for rent of residential premises shall be at the rate of 6 percent per annum on the amount of the judgment.

12.      Plaintiff Jeffrey M. Haynes is also a "person" as that term is defined by the MCDCA. The alleged obligation at issue in this lawsuit is a "consumer transaction" as defined by the MCDCA because it involves and arises out of the seeking or acquiring of real property for personal, family or household purposes.

4

13.     Plaintiff Michele R. Haynes is an individual who is a "consumer" as defined in 15 U.S.C. § 1692a(3) of the FDCPA, as she is a natural person allegedly obligated to pay any debt, in this case a money judgment entered for rent of a residential premises and therefore is governed by Md. Code Ann., Cts. & Jud. Proc. § 11-107(b) which provides that the legal rate of interest on a money judgment for rent of residential premises shall be at the rate of 6 percent per annum on the amount of the judgment.

14.     Plaintiff Michele R. Haynes is also a "person" as that term is defined by the MCDCA. The alleged obligation at issue in this lawsuit is a "consumer transaction" as defined by the MCDCA because it involves and arises out of the seeking or acquiring of real property for personal, family or household purposes.

15.     Blibaum & Associates, P.A. is a corporation that engages in the practice of law and the practice of debt collection in the state of Maryland. Blibaum & Associates, P.A. is also licensed as a debt collector in Maryland.

16.     At all relevant times, Blibaum & Associates, P.A. acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by the Plaintiffs to another. Blibaum & Associates, P.A. regularly collects or attempts to collect, directly or indirectly, debts asserted to be owed or due another, and uses the United States Mail and telephone service in furtherance of its collection of debts alleged to be due another.

17.     At all relevant times Blibaum & Associates, P.A. acted as a "collector" and "person" as those terms are defined by Md. Code Ann., Com. Law, § 14-201(b) of the MCDCA. Specifically, Blibaum & Associates, P.A. is a person collecting or attempting to

collect an alleged debt arising out of a consumer transaction.

## **FACTUAL ALLEGATIONS**

18.     On May 4, 2004, an affidavit judgment was entered against Mr. Haynes and Ms. Haynes in favor of East Coast Leasing, LLC.

19.     By operation of Rule 3-625, this money judgment was due to expire on May 4, 2016, unless "the judgment holder" filed a notice of renewal.

20.     On April 21, 2016, Defendant Blibaum filed a notice of renewal of judgment on behalf of East Coast Leasing, LLC.

21.     This attempt to renew the judgment was fraudulent because East Coast Leasing, LLC was not in legal existence at the time Defendant Blibaum filed the notice of renewal of judgment.

22.     East Coast Leasing, LLC forfeited its charter on October 5, 2007, and there has been no effort to reinstate its charter since that date.

23.     The renewal of judgment was filed on April 21, 2016, a date well after the forfeiture of the charter of East Coast Leasing, LLC.

24.     As explained by the Honorable J. Federick Motz, in *Weber v. Gen. Motors Corp.*, No. CIV. JFM-00-1397, 2000 WL 1828254, at *2 (D. Md. Nov. 29, 2000), "Maryland law courts have characterized a corporation whose charter has been forfeited as 'a non-entity,' 'a lifeless corpse,' and 'totally non-existent.'" *Id.* at *2, (citing *Psychic Research & Dev. Inst. of Md. v. Gutbrodt*, 46 Md.App. 21, 25, 415 A.2d 611, 615 (1980); *President & Directors of Georgetown College v. Madden*, 505 F.Supp. 557, 602 (D.Md.

6

1980).

25.     For this reason, there could be no valid renewal of the judgment by East Coast Leasing, LLC because it was "totally non-existent" at the time when the purported notice of renewal of judgment was filed by Defendant Blibaum.

26.     Beginning on September 15, 2016, Defendant attempted to collect on the judgment it had fraudulently renewed and filed a request for an oral examination; a motion for an order to show causes and a request for a body attachment.

27.     Plaintiffs retained counsel and learned for the first tine, on or about March 23, 2017, that the judgement in favor of East Coast Leasing, LLC had been fraudulently renewed.

28.     Within one year of the filing of this lawsuit, the Defendant attempted to collect monies from the Plaintiffs that were not owed.

29.     The judgment that the Defendant attempted to collect is a "debt" as defined in 15 U.S.C. § 1692a(5) in that it arose out of a transaction in which the property that is the subject of the transaction was used primarily for personal, family, or household purposes.

30.     The judgment that the Defendant attempted to collect is also a "consumer transaction" as that term is defined by Md. Code Ann., Com. Law, § 14-201(c) of the MCDCA because it involved and arose out of the seeking or acquiring of real property for personal, family or household purposes.

31.     Defendant has attempted to collect the subject debt by engaging in "communications" as defined in 15 U.S.C. § 1692a(2) of the FDCPA.

32.     The conduct of Defendant Blibaum & Associates, P.A. violates the FDCPA

at 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692f and 1692f(1) which provide:

> § 1692e. False or misleading representations
>
> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> . . .
>
> (2) The false representation of --
>
> (A) the character, amount, or legal status of any debt . . .
>
> § 1692f. Unfair practices
>
> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> (1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

33.     The conduct of Defendant Blibaum & Associates, P.A. also violates

1692e(3) of the FDCPA which prohibits "the false representation or implication that any

individual is an attorney or that the communication is from an attorney." This provision

creates a requirement for "meaningful attorney review" before a communication

bearing an attorney's name or signature is sent. *See, e.g., Clomon v. Jackson*, 988 F.2d

1314, 1321 (2d Cir.1993) ("[T]he use of an attorney's signature . . . implies that the

[communication] .... is 'from' the attorney who signed it; it implies, in other words, that

8

the attorney directly controlled or supervised the process through which the [communication] . . . was sent . . . [T]he use of an attorney's signature implies—at least in the absence of language to the contrary—that the attorney signing the letter formed an opinion about how to manage the case . . .").

34.     Defendant Blibaum & Associates, P.A. failed to conduct a meaningful review of publicly available information before filing the fraudulent renewal of judgment. This failure included failing to research the records of Maryland's Department of Assessment and Taxation to determine whether East Coast Leasing, LLC had forfeited its charter. Had Defendant Blibaum & Associates, P.A. conducted this search or otherwise made an inquiry of its alleged client, Defendant would have or should have known that the judgment could not be renewed and thus had expired and was not enforceable.

35.     The conduct of Defendant Blibaum & Associates, P.A. also violates Md. Code Ann., Com. Law § 14-202(8) because the conduct constituted a "[c]laim, attempt, or threat[ ] to enforce a right with knowledge that the right does not exist."

36.     As a direct consequence of Blibaum & Associates, P.A.'s acts, practices and conduct, the Plaintiffs suffered and continue to suffer from emotional distress, anger and frustration. Plaintiffs have been subjected to illegal collection activity, including threats to have body attachment orders enforced against them, for a debt that they were no longer obligated to repay.

37.     The collection attempts by the Defendant came as a surprise because the judgment was so old.

38.     When Plaintiff Michele Haynes called Defendant's office she was told that unless the judgment was paid, the Defendant would go forward and have a body attachment issued them and "they'll come pick you up and you'll go to jail."

39.     This caused Plaintiff Michele Haynes to become hysterical and exacerbated her underlying anxiety and sleep apnea conditions.

40.     Plaintiff Jeffrey Haynes was also very upset upon learning of the threat to have the Plaintiffs arrested and taken to jail.

41.     As a result of this threat the Plaintiffs paid $700.00 in an effort stop the threatened arrest. The Plaintiffs did not have these funds available and ended up not paying that month's rent which caused more anxiety and distress.

42.     Plaintiffs retained undersigned counsel who confronted Defendant with the facts set forth above and filed a motion to vacate the renewed judgment.

43.     The District Court of Maryland vacated the judgment and the Defendant returned the $700.00 to the Plaintiffs, thereby admitting that it had knowingly collected an amount that was not owed by the Plaintiffs.

## COUNT I
## Violation of the Fair Debt Collection Practices Act

44.     Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

45.     In its collection of the aforementioned judgments, Defendant Blibaum & Associates, P.A. materially violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(3), 1692f and 1692f(1) of the FDCPA by filing a fraudulent renewal of judgment and attempting

to collect that fraudulently renewed judgment from the Plaintiffs and by failing to conduct a meaningful attorney review before filling the fraudulent renewal of judgment or attempting to collect the fraudulently renewed judgment from the Plaintiffs.

46.     Defendant also regularly communicated to the Plaintiff in a misleading manner by stating that the Plaintiffs were obligated to pay on a judgment that had expired and was uncollectible under Maryland law.

47.     As a direct consequence of Blibaum & Associates, P.A.'s acts, practices and conduct, the Plaintiffs suffered and continue to suffer from emotional distress, anger and frustration. Plaintiffs have been subjected to illegal collection activity, including threats to have body attachment orders enforced against them, for a debt that they were no longer obligated to repay.

## COUNT II
## Violation of the Maryland Consumer Debt Collection Act

48.     Plaintiffs hereby incorporate by reference the allegations contained in the above paragraphs of this Complaint as if fully set forth herein.

49.     In its collection of the aforementioned judgment, Defendant Blibaum & Associates, P.A. materially violated § 14-202(8) of the MCDCA by filing a fraudulent renewal of judgment and attempting to collect that fraudulently renewed judgment from the Plaintiffs.

50.     As a direct consequence of Blibaum & Associates, P.A.'s acts, practices and conduct, the Plaintiffs suffered and continue to suffer from emotional distress, anger and frustration. Plaintiffs have been subjected to illegal collection activity, including

threats to have body attachment orders enforced against them, for a debt that they were no longer obligated to repay.

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendant, as follows:

      a.    Actual damages pursuant to 15 U.S.C. § 1692k(a)(1); Md. Code. Ann., Com. Law. § 14-203; and Md. Code Ann.;

      b.    Statutory damages of $1,000.00 per Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(A);

      c.    Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3); and

      d.    For such other and further relief as may be just and proper.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiffs prevail on any of their claims in this action.

Dated: July 31, 2017          Respectfully Submitted,


      */s/ E. David Hoskins*
      E. David Hoskins, Esq., No. 06705
      THE LAW OFFICES OF E. DAVID HOSKINS, LLC
      16 East Lombard Street, Suite 400
      Baltimore, Maryland 21202
      (410) 662-6500 (Tel.)
      *davidhoskins@hoskinslaw.com*

/s/ Steven B. Isbister
Steven B. Isbister, Esq., No. 14123
THE LAW OFFICES OF E. DAVID HOSKINS, LLC
16 East Lombard Street, Suite 400
Baltimore, Maryland 21202
(410) 662-6500 (Tel.)
stevenisbister@hoskinslaw.com